UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

IN RE:

ASSOCIATION OF GRAPHIC COMMUNICATIONS,        10 Civ. 6413
INC.,
                                              OPINION
                Debtor.

------------------------------------------X

A P P E A R A N C E S:



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-31-11

    Attorneys for Appellant

    ITKOWITZ & HARWOOD
    305 Broadway, 7th Floor
    New York, NY  10007
    By:  Jay B. Itkowitz, Esq.
        Simon W. Reiff, Esq.

    Attorneys for the Chapter 7 Trustee

    GAZES LLC
    32 Avenue of the Americas, 27th Floor
    New York, NY  10013
    By:  Ian J. Gazes, Esq.
        John E. Oliva, Esq.

**Sweet, D.J.**

Appellant Super Nova 330 LLC ("Landlord," "Super Nova," or "Appellant"), has appealed from a Memorandum Decision and Order Granting Chapter 7 Trustee's Motion for Summary Judgment and Denying Super Nova 330 LLC's Cross-Motion, dated July 13, 2010 [Record on Appeal, Item No. 16] (the "Decision"), by the Honorable Burton R. Lifland, U.S.B.J.. The decision denied the Landlord's Motion for Payment of Administrative Expenses and held that the Landlord was not entitled to any administrative rent under Bankruptcy Code § 365(d)(3) by the chapter 7 trustee, Ian J. Gazes ("Appellee" or "Trustee"), and denied the Landlord's cross-motion to amend to clarify that the alternative basis for seeking administrative rent arose under § 503(b)(1)(A) of the Bankruptcy Code. Based on the conclusions set forth below, the Decision is affirmed, and the appeal is dismissed.

**Prior Proceedings**

Association of Graphic Communications, Inc. ("Debtor"), was a lessee under a lease of non-residential real property dated February 10, 1992 between Four Star Holding

1

Company c/o David Yagoda, predecessor-in-interest to Super Nova, as landlord, and Association of the Graphic Arts, Inc., predecessor-in-interest to Debtor, as tenant, as amended by a Lease Modification and Extension Agreement dated February 11, 2002 (the "Lease"), for a portion of the 9th Floor (the "Premises") in the building known as 330 Seventh Avenue, New York, New York (the "Building"). The Lease expired by its terms on February 28, 2007.

In the summer or fall of 2006, the Debtor ceased business operations at the Premises and stopped paying rent. Super Nova served a demand for rent on Debtor on October 13, 2006. When no payment was forthcoming, Super Nova commenced a nonpayment proceeding in the Civil Court of the City of New York, County of New York (L&T Index No. 101408/06) (the "L&T Proceeding"). Debtor defaulted in the L&T Proceeding, and Super Nova obtained a judgment of possession and warrant of eviction dated February 1, 2007, the day before the Debtor filed its chapter 7 petition.

On February 2, 2007 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the United States Bankruptcy Code. On February 5, 2007, the Trustee was appointed to serve as interim trustee in the case.

2

The Trustee has duly qualified and now serves as the permanent trustee.

On March 28, 2007, Super Nova brought a motion before the Bankruptcy Court seeking relief from the automatic stay to permit it to conclude its eviction of the Debtor from the Premises and regain legal possession (the "Lift Stay Motion"). The motion was unopposed, and the Bankruptcy Court, without making any findings of fact or conclusions of law, entered an Order, dated April 11, 2007 (the "Lift Stay Order"), granting the Lift Stay Motion. The Marshal executed on the warrant of eviction on April 24, 2007 (the "Eviction Date"). As indicated in the Marshal's Inventory in connection with the eviction, there were a number of items remaining in the Premises as of the Eviction Date

On January 27, 2009, Super Nova brought a motion seeking payment for post-petition rent as an administrative expense of the bankruptcy estate (the "Expenses Motion"). The Expenses Motion was converted to a contested matter on February 24, 2009 and discovery proceeded.

On April 2, 2010, the Trustee filed a motion for summary judgment to deny the Expenses Motion. Super Nova cross-

moved to amend its motion to include a claim for administrative expenses pursuant to § 503(b)(1)(A) for costs and expenses of preserving the estate.

On July 13, 2010, the Bankruptcy Court issued the Decision by which it granted the Trustee's Summary Judgment Motion and denied the Landlord's Cross-Motion to Amend. The Landlord timely appealed on July 26, 2010. The appeal was heard on November 17, 2010.

**The Standard of Review**

In reviewing a grant of summary judgment, a bankruptcy court's conclusions of law are reviewed de novo. See, e.g., Northwest Airlines Corp. v. Capp Seville, Inc. (In re Northwest Airlines Corp.), No. 08 Civ. 4742, 2010 WL 3529239, at *2 (S.D.N.Y. Aug. 26, 2010) (citations omitted). This is so "'because the determination that there are no genuine issues of material fact is a legal conclusion.'" Schinazi v. Tamman, Slip Copy, No. 09 Civ. 2400, 2009 WL 5088767, at *2 (S.D.N.Y. Dec. 9, 2009) (quoting Unsecured Claims Estate Representative of Teligent, Inc. v. Cigna Healthcare, Inc. (In re Teligent, Inc.), 324 B.R. 479, 487 (S.D.N.Y. 2005)). Factual findings by the bankruptcy court are accepted unless clearly erroneous. Fed. R.

Bankr. P. 8013; see Kensington Int'l, Ltd. v. Flag Telecom Group Ltd. (In re Flag Telecom Holdings Ltd.), 337 B.R. 15, 19 (S.D.N.Y. 2005) (quoting DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.), 151 F.3d 75, 79 (2d Cir. 1998)). A factual finding is clearly erroneous if the appellate court is "left with the definite and firm conviction that a mistake has been made." ASM Capital, LP v. Ames Dept. Stores, Inc. (In re Ames Dept. Stores, Inc.), 582 F.3d 422, 426 (2d Cir. 2009) (citing United States v. U.S. Gypsum Co., 333 U.S. 365, 395 (1948)).

A bankruptcy court's decision denying a motion to amend is reviewed under an "abuse of discretion" standard. See, e.g., Zinke v. United States Dept. of Treasury (In re Zinke), No. 91 Civ. 805, 1991 WL 107815, at *3 (E.D.N.Y. May 31, 1991) (citing In re Futuronics Corp., 23 B.R. 281 (S.D.N.Y. 1982)); see also Green v. Mattingly, 585 F.3d 97, 104 (2d Cir. 2009). "An abuse of discretion may consist of an error of law or a clearly erroneous finding of fact or a decision that, though not necessarily the product of a legal error or a clearly erroneous factual finding[,] cannot be located within the range of permissible decisions." Jasco Tools, Inc. v. Dana Corp. (In re Dana Corp.), 574 F.3d 129, 145 (2d Cir. 2009) (internal quotations and citations omitted). Likewise, "[a] district court abuses its discretion when it 'applies legal standards

5

incorrectly or relies upon clearly erroneous findings of fact, or proceed[s] on the basis of an erroneous view of the applicable law.'" Harris v. Albany County Office (In re Harris), 464 F.3d 263, 268 (2d Cir. 2006) (quoting Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 398 (2d Cir. 2004)).

**The Lease Was Expired**

The central issue in both the underlying motion by Appellant for payment of an administrative expense under Bankruptcy Code § 365(d)(3) and the Appellee's motion for summary judgment was whether the lease was terminated pre-petition by the state court's pre-petition issuance of the warrant of eviction.

Bankruptcy Code § 365(a) provides: "Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." Bankruptcy Code § 365(d)(3) further provides:

> (3) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order

6

>     for relief under any unexpired lease of nonresidential
>     real property, until such lease is assumed or
>     rejected, notwithstanding section 503(b)(1) of this
>     title.  The court may extend, for cause, the time for
>     performance of any such obligation that arises within
>     60 days after the date of the order for relief, but
>     the time for performance shall not be extended beyond
>     such 60-day period.  This subsection shall not be
>     deemed to affect the trustee's obligations under the
>     provisions of subsection (b) or (f) of this section.
>     Acceptance of any such performance does not constitute
>     waiver or relinquishment of the lessor's rights under
>     such lease or under this title.

11 U.S.C. § 365(d)(3).

According to the Decision, however, the Lease was terminated pre-petition by the issuance of the Warrant of Eviction on February 1, 2007.  The Bankruptcy Court found that Debtor ceased its business operations at the premises pre-petition in the summer or fall of 2006, that neither the Debtor nor the trustee made any attempt to vacate the warrant of eviction, that Appellant specifically argued in its lift stay motion in March of 2007 that the Lease had terminated pre-petition due to the issuance of the warrant of eviction, and that the Lease was no longer assumable under Bankruptcy Code §365(a).

The Bankruptcy Court cited the decision of the Honorable Stuart M. Bernstein in In re Hudson Transfer Group, Inc., 245 B.R. 456, 459 (Bankr. S.D.N.Y. 2000), which held that

7

where the warrant of eviction had issued pre-petition but had not yet been executed upon, the Debtor's "right on the petition date, and for sixty days thereafter [under a stipulation with the landlord], to cure the stipulation default and revive the lease is immaterial. The existence of an unexercised right of redemption does not transform a terminated lease into an unexpired one." The court further stated:

> At the outset, I conclude that section 365 does not apply. Under New York law, the issuance of a warrant of eviction cancels the lease and annuls the relationship of landlord and tenant. N.Y. Real Prop. L. § 749(3)(McKinney 1979); Bell v. Alden Owners, Inc., 199 B.R. 451, 458 (S.D.N.Y. 1996). Here, the warrant of eviction issued prior to the petition on October 27, 1999. Thus, by the time that the debtor filed the petition, the lease had terminated. A bankruptcy petition does not revive a terminated lease, id.; In re Island Helicopters, Inc., 211 B.R. 453, 463 (Bankr. E.D.N.Y. 1997); Bucknell Leasing Corp. v. Darwin (In re Darwin), 22 B.R. 259, 262 (Bankr. E.D.N.Y. 1982), and hence, there was no unexpired lease to assume. Darwin, 22 B.R. at 263; 11 U.S.C. § 365(c)(3).

Id. (footnote omitted).

The Bankruptcy Court distinguished the cases cited by the Appellant as both being factually different and not standing for the propositions asserted by Appellant. In both In re P.J. Clarke's Restaurant Corp., 265 B.R. 392, 398 (Bankr. S.D.N.Y. 2001), and In re Stoltz, 197 F.3d 625 (2d Cir 1999), the respective courts determined that the leases in question had not

been terminated pre-petition, as the respective Debtors could have reinstated the leases because the warrants of eviction (or writ of possession in Vermont) had not been issued at the time of the bankruptcy filing. In distinguishing the Second Circuit's decision in the Stoltz case, the Bankruptcy Court held:

> Super Nova declares that the Second Circuit "deemed the lease 'unexpired' because the tenant could have created a month to month tenancy under Vermont law by tendering rent." Cross Motion, 7. This is a mischaracterization of the Stoltz ruling. The Second Circuit deemed the lease unexpired because "until the landlord obtains a writ of possession [warrant of eviction], a tenant who has lost possession may nonetheless regain entry by curing the default." Stoltz, 197 F.3d at 631 . . .

Decision, at 9. The Bankruptcy Court also pointed out that the Stoltz case involved a residential lease, not a commercial lease, and therefore Bankruptcy Code §365(d)(3) was not applicable. See Decision, at 9-10.

The Bankruptcy Court distinguished the P.J. Clarke's decision by recognizing that, the unlike the case at bar, the P.J. Clarke's case involved a chapter 11 debtor that was attempting to reorganize. Decision, at 7. In P.J. Clarke's, debtor was allowed to appeal the state court decision granting possession to the landlord and continuing the automatic stay on the condition that Debtor continued to pay post-petition rent.

9

Decision, at 7 (citing In re P.J. Clarke's, 265 B.R. at 396). The Bankruptcy Court also found the following:

> Furthermore, aside from the distinguishing circumstances, the P.J. Clarke's court did not make an affirmative ruling that the debtor was obligated to tender rent postpetition pursuant to section 365(d)(3) of the Code. Instead, it simply held that section 365(d)(3) of the Code applied to determine the proper rent rate when the debtor is paying rent postpetition pending the appeal of a pre-petition state court ruling.

Decision, at 8.

The Bankruptcy Court also distinguished the recent decision by the Honorable Martin Glenn in In re Sweet N Sour 7th Avenue Corp., 431 B.R. 63 (Bankr. S.D.N.Y. 2010), which conditioned the continuation of the automatic stay and the Debtor's right to seek to vacate the warrant of eviction on the debtor's payment of post-petition rent and upon the debtor commencing proceedings in the state court to vacate the warrant of eviction within 7 days of the entry of the bankruptcy court's order. Decision, 8-9 n. 7. The Bankruptcy Court noted that the instant bankruptcy was a chapter 7 liquidation case, not a chapter 11 reorganization case, that the Debtor neither challenged the state court non-payment proceeding nor tried to vacate the warrant of eviction, that the Debtor had ceased business operations at the Premises several months before the issuance of the warrant of eviction and the bankruptcy filing,

and neither the Debtor nor the Trustee challenged the Landlord/Appellant's motion to lift the automatic stay which specifically argued that the Lease and the landlord-tenant relationship had terminated by the pre-petition issuance of the warrant of eviction.  Id.

In the case at bar, absent the pre-petition termination of the lease by the issuance of the warrant of eviction, the lease by its own terms would have expired about three weeks after the bankruptcy filing.

Bankruptcy Code § 365, titled "Executory Contracts and Unexpired Leases", unsurprisingly applies only to executory contracts and unexpired leases.  As discussed supra, based on the Hudson Transfer case and the cases cited therein, a lease such as the one here is not an unexpired lease for the purposes of Bankruptcy Code § 365.  Therefore, the Lease cannot be assumed and does not need to be rejected, and the Trustee is not required to pay post-petition administrative rent under Bankruptcy Code § 365(d)(3).

Appellant argues "the bankruptcy court erred by contorting the Lift Stay Motion's language regarding whether the Lease could be assumed pursuant to § 365(a) into a concession by

11

the Landlord that the Lease was not 'unexpired' for purposes of § 365(d)(3) - especially since the bankruptcy court acknowledged, the two are analytically different." Appellant's Brief at 30. However, the Bankruptcy Court did not contort the language of the Lift Stay Motion. Appellant clearly and specifically argued in its Lift Stay Motion that the lease and the landlord-tenant relationship had terminated upon the issuance of the warrant of eviction. See Decision, at 6. If the warrant of eviction was issued pre-petition, even if there still an opportunity to vacate, there is no "unexpired" lease to assume. See Hudson Transfer, 245 B.R. at 459.

Appellant's alleged "alternative basis for relief," to wit that the Debtor and/or the Trustee were holdover tenants, is simply a contention that possession was a relevant factor in determining whether the lease was "unexpired" for the purposes of Bankruptcy Code § 365(d)(3). However, the Bankruptcy Court appropriately held that the Lease terminated pre-petition by the issuance of the warrant of eviction, and, therefore, it expired so that any asserted holdover status was not relevant.

**The Amendment Was Appropriately Denied**

Accompanying Super Nova's response to the Trustee's Summary Judgment Motion was its Cross-Motion seeking approval to amend the Expenses Motion to include, as an alternative basis for relief, an administrative expense claim pursuant to § 503(b)(1)(A) of the Bankruptcy Code on the grounds that the Debtor was a holdover tenant under New York law. Under § 503(b)(1)(A) of the Code, an award of an administrative expenses would require a showing by the movant that it provided an actual benefit to the estate. 11 U.S.C. § 503(b)(1)(A) (providing for the allowance as an administrative expense of the "actual, necessary costs and expenses of preserving the estate"). The Decision denied the motion as "not well-grounded" and subject to laches.

The Bankruptcy Court correctly exercised its judicial discretion in denying Appellant's cross-motion to amend, brought more than 15 months after the filing of its initial motion, after the close of discovery, and only after the Trustee moved for summary judgment on the original claim under Bankruptcy Code § 365(d)(3).

13

Appellant cites <u>United States v. Continental Illinois National Bank and Trust Co. of Chicago</u>, 889 F.2d 1248, 1254 (2d Cir. 1989), for the proposition that "delay, standing alone, is an insufficient basis to deny leave to amend." Appellant's Brief, at 40. It then cites <u>Kreinik v. Showbarn Photo, Inc.</u>, No. 02 Civ. 1192, 2003 WL 22339268, at *10 (S.D.N.Y. Oct. 14, 2003)(citing <u>Cemar Tekstil Ithalat Ihracat San ve Tic. A.S. v. Joinpac, Inc.</u>, No. 91 Civ. 8408, 1993 WL 126890, at *1 (S.D.N.Y. Apr. 16, 1993)(allowing amendment to add a counterclaim where discovery had already closed)), for the proposition that "the mere fact that discovery has closed does not provide a reason for denying leave to amend." Appellant's Brief, at 40. The Bankruptcy Court did not rely exclusively on either one of these issues. Instead, the Bankruptcy Court applied the standard for establishing laches as set forth in <u>In re Gucci</u>, 197 Fed. Appx 58, 60 (2d Cir. 2006). It provides for laches where "(1) the moving party delayed asserting the claim despite the opportunity to do so; (2) the non-moving party lacked knowledge that the claim might be asserted; and (3) the non-moving party would be prejudiced if the claim were permitted to go forward." Decision, at 11 (quoting <u>In re Gucci</u>, 197 Fed. Appx at 60).

Addressing the first prong, the Bankruptcy Court found that Super Nova had ample opportunity to amend in the 15 months

14

between the filing of the Expenses Motion and its motion to amend, and that it waited until after Trustee's filing of a motion for summary judgment and completion of extensive discovery. Id. at 12.

As for the second prong, in light of the fact that Appellant actually distinguished in its initial motion the difference between claims under sections 503(b)(1)(A) and 365(d)(3) of the Bankruptcy Code, yet never asserted such a claim, the Bankruptcy Court correctly found that the Trustee could not have anticipated that Appellant would assert such a claim at some later date. Id.

As for the third prong, the Bankruptcy Court appropriately found that the Trustee would be prejudiced by having to address this new claim after the conclusion of discovery where additional issues regarding what, if any, benefit to the estate any purported possession of the Premises by the Trustee provided. Id. That issue is not relevant under Bankruptcy Code § 365(d)(3) and was not addressed in discovery.

An award of an administration expense under Bankruptcy Code § 503(b)(1)(A) would require that Landlord show that the Trustee actually used and occupied the Premises, and that such

15

use and occupation actually provided a benefit to the estate. Furthermore, any claim under § 503(b)(1)(A) would be limited to the actual benefit to the estate. See In re Cardinal Export Corporation, 30 B.R. 682, 684 (Bankr. E.D.N.Y. 1983).

The Bankruptcy Court's Decision also held that any possible claim under Bankruptcy Code § 503(b)(1)(A) would be "unworthy on the merits." Decision, at 10. First, the Court clearly indicated that the evidence pointed to the Landlord having possession and control of the Premises at the time of and after the bankruptcy filing. Id. at 8 n. 6. Second, relying on In re Mainstream Access, Inc., 134 B.R. 743, 750 (Bankr. S.D.N.Y. 1991), it noted that any personal property left at the Premises likely had no value to the estate. Id. at 10 n. 8. Finally, the Bankruptcy Court concluded that the estate did not receive any benefit from any possession of the Premises and that, therefore, any purported possession would not be entitled to administrative priority. Id. The Bankruptcy Court's conclusion is buttressed by the short 26-day period remaining on the lease.

As the Bankruptcy Court noted, additional discovery and briefing would prolong the dispute late in the litigation, imposing undue cost and delay on the estate (Id. at 12), which,

16

according to the Trustee, is administratively insolvent. The Bankruptcy Court's denial of Appellant's motion for leave to amend was not an abuse of discretion.

**The Request For Sanctions Is Denied**

As an initial matter, Fed. R. Bankr. P. 8020, like Fed. R. App. P. 38, requires that a separate motion be made by the appellee. See, e.g., In re Negosh, No. 04-81073, 2007 WL 2445158 (Bankr. E.D.N.Y. Aug. 22, 2007). Although the Bankruptcy Court ruled against the Landlord, the Bankruptcy Court at no time stated that the Expenses Motion or the Cross-Motion to Amend were filed in bad faith.

Moreover, although the Landlord disagrees with the Bankruptcy Court's Decision and with the Trustee's characterization of the record below and the applicable law, the Landlord has been respectful of the lower court and its adversary. Cf. In re 60 East 80th Street Equities, Inc., 218 F.3d 109, 116-17 (2d Cir. 2000) (granting sanctions under Bankruptcy Rule 8020 where appellant's counsel engaged in "slanderous vitriol," including accusations that the trustee and Bankruptcy Court had engaged in civil and criminal misconduct).

17

The request for sanctions is denied.

## Conclusion

Based on the conclusions set forth above, the Decision is affirmed and the appeal is dismissed.

It is so ordered.

**New York, NY**
**March 30, 2011**

_____
ROBERT W. SWEET
U.S.D.J.

18